## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT MINERLY, | ) | |
| #K63470, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00782-MJR |
| | ) | |
| NICK NALLEY, | ) | |
| CATHERINE HUTCHISON, | ) | |
| CINDY MILLER, | ) | |
| ROBERT GADDIS, | ) | |
| ZACKARY ROECKEMAN, | ) | |
| and JASON GARNETT, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Plaintiff Robert Minerly, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against six officials at Big Muddy. According to the complaint, these officials allegedly conspired to retaliate against Plaintiff for filing a grievance in March 2015 to complain about the prison's "orange crush" tactical team by terminating his employment in the prison's law library, among other things (Doc. 1, pp. 7-9). In connection with these events, Plaintiff sues the following defendants for monetary damages and/or injunctive relief: Jason Garnett (current warden), Zackary Roeckeman (former warden), Nick Nalley (internal affairs officer), Catherine Hutchison (correctional counselor), Robert Gaddis (correctional counselor), and Cindy Miller (correctional counselor).

The complaint is now subject to review pursuant to 28 U.S.C. § 1915A(a). Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out

nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. The complaint survives preliminary review under this standard.

## The Complaint

On March 29, 2015, Plaintiff filed a grievance to complain about the "orange crush" tactical team at Big Muddy (Doc. 1, pp. 7-9). The grievance was denied as untimely (*id*. at 7). Plaintiff sent an appeal to the former director of the Illinois Department of Corrections (*id*.).

While the appeal was pending in late May, Officer Nalley called Plaintiff's coworker, Charles Dent, into his office to question Inmate Dent about the grievance. Officer Nalley is an internal affairs officer, as well as a member of the prison's "orange crush" tactical team. At the end of their conversation, Officer Nalley instructed Inmate Dent to inform the rest of the prison's law clerks "that they better stop with the Orange Crush stuff" (*id*. at 8).

On June 2, 2015, Plaintiff lost his job as a prison law clerk, despite the fact that he had held the position since December 2014. The same week, Officer Nalley also denied Plaintiff's request to work as a literacy tutor after citing "I.A. Concerns" (*id*.). Plaintiff's subsequent requests for enrollment in college classes and a therapeutic program were denied.

On June 22, 2015, Elijah Manuel, an inmate who Plaintiff assisted while working as a law clerk, was taken to segregation for allegedly committing "some kind of forgery" (*id*.). Plaintiff grew concerned about the situation and wrote a letter to Uptown People's Law Center. Five days later, Plaintiff was "green-passed" over to Officer Nalley's office. The officer accused him of "playing God behind the typewriter at the law library" (*id*. at 9). He badgered Plaintiff about writing the grievance to complain about the prison's tactical team. He also accused

Plaintiff of assisting Inmate Manuel. The officer became irate when discussing "some 3 page report" that referred to him "a number of times" (*id*. at 8). In the process, Officer Nalley told Plaintiff that he would never work again because of his role in preparing a letter that inmates used to communicate with a Chicago-based civil rights law firm (*id*. at 9).

Plaintiff claims that Officer Nalley retaliated against him for filing the grievance to complain about the prison's "orange crush" tactical team by terminating his employment as a clerk in the prison's law library and denying his access to work opportunities, college classes, and therapeutic programs at Big Muddy (Doc. 1, pp. 7-9). He also asserts that Warden Roeckeman, Counselor Hutchison, Counselor Gaddis, and Counselor Miller conspired with Officer Nalley to "feign an investigation" into the grievance (*id*. at 7). Plaintiff seeks monetary relief against them, including lost wages of $360.00 (*id*. at 10). He also seeks reinstatement of his employment in the prison's law library and placement in the prison's therapeutic program. In connection with his request for injunctive relief, Plaintiff names Warden Garnett, the prison's current warden, in his official capacity (*id*.).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Defendant Nalley retaliated against Plaintiff for filing a grievance to complain about the "orange crush" tactical team by terminating his employment in the prison's law library in June 2015 and denying his access to other work opportunities,**

**college classes, and therapeutic programs at Big Muddy (Doc. 1, pp. 7-9).**

Count 2:      **Defendants Roeckeman, Gaddis, Miller, and Hutchison entered into a conspiracy with Defendant Nalley to violate his constitutional rights by "feign[ing] an investigation" into his grievance (Doc. 1, p. 7).**

As discussed in more detail below, **Count 1** shall receive further review against Defendant Nalley, and this claim shall be dismissed without prejudice against the remaining defendants. **Count 2** shall be dismissed without prejudice against all of the defendants for failure to state a claim upon which relief may be granted. Warden Garnett shall remain named as a defendant, in his official capacity only, for the sole purpose of carrying out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (when injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity).

## Discussion

### Count 1 – Retaliation

The complaint articulates a viable First Amendment retaliation claim (**Count 1**) against Defendant Nalley. To state a claim, the allegations must at least suggest that (1) Plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity caused the deprivation. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). For screening purposes only, the Court finds that all three elements of this claim are satisfied.

With respect to the first element, the allegations suggest that Plaintiff engaged in protected activity when he prepared a grievance to complain about the prison's "orange crush"

tactical team.[1] A prisoner has a right under the First Amendment "to file his own truthful grievances and federal lawsuits." *Harris*, 604 F. App'x at 521 (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005)). It has long been held that prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Plaintiff's preparation of a truthful grievance complaining about the tactical team is protected activity. The first element of this claim is therefore satisfied.

With regard to the second element, the allegations also suggest that Plaintiff suffered a deprivation that would likely deter future First Amendment activity. After filing the grievance, Plaintiff was terminated from his employment and then denied access to work opportunities, college classes, and therapeutic programs (Doc. 1, pp. 7-9).

As for the third element, the allegations suggest that Officer Nalley's conduct was motivated by Plaintiff's grievance. When meeting with Plaintiff to discuss the matter, Officer Nalley referred to the grievance several times. The officer tied Plaintiff's decision to file the grievance to his decision to terminate Plaintiff's employment in the prison's law library and

---

[1] The Court does *not* find that Plaintiff's efforts to assist Inmate Manuel in preparing his grievance constituted protected activity that supports a retaliation claim; this claim is considered dismissed without prejudice. At the time, Plaintiff was acting as a "jailhouse lawyer." Certainly, he had a right to assist an inmate, who is otherwise unable to help himself access the courts. *Harris*, 604 F. App'x at 521 (citing *Johnson v. Avery*, 393 U.S. 483, 487 (1969) (invalidating prison regulations prohibiting habeas petitioners from getting assistance from jailhouse lawyer)). However, a jailhouse lawyer's speech on legal matters is not subject to unlimited protection. *Id*. It is subject to the same protections "normally accorded prisoners' speech." *Id*. (citing *Shaw v. Murphy*, 532 U.S. 223, 231 (2001)). The complaint includes allegations indicating that Inmate Manuel may have forged a signature on his grievance. No other allegations suggest that Inmate Manuel's grievance was truthful. This conduct is not protected under the First Amendment and cannot support a retaliation claim.

to exclude him from consideration of all other employment opportunities. The third element of this claim is also satisfied for screening purposes.

Count 1 shall receive further review against Officer Nalley. This claim shall be dismissed without prejudice against all other defendants because Plaintiff does not allege that any of these individuals were involved in the retaliatory conduct against him.

### Count 2 - Conspiracy

The complaint does not support a claim of conspiracy (**Count 2**) against the defendants. Plaintiff only alleges that "Correctional Counselors Catherine Hutchison, Cindy Miller, Robert Gaddis, and Chief Administrative Officer Zackary Roeckeman conspired with Internal Affairs Officer Nick Nalley to feign an investigation and suppress any pertinent facts in [his] grievance against Nick Nalley in their reports" (Doc. 1, p. 7). He offers no other allegations in support of this claim.

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). However, these claims require some factual foundation to survive preliminary review. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999)).

The complaint includes no allegations to this effect. Beyond what the Court has already quoted above, Plaintiff mentions nothing about the alleged conspiracy. His conclusory or bald assertions will not support Plaintiff's conspiracy claim, even at this early stage. Accordingly, **Count 2** shall be dismissed without prejudice against the defendants.

### Pending Motions

Plaintiff filed a motion for service of process at government expense (Doc. 3), which is hereby **GRANTED in part**, with respect to Defendants Nalley and Garnett, and **DENIED in part**, with respect to Defendants Roeckeman, Gaddis, Miller, and Hutchison.

Plaintiff also filed a motion for recruitment of counsel (Doc. 6), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **ROECKEMAN, GADDIS, MILLER, HUTCHISON,** and **GARNETT (in his individual capacity only)**; **COUNT 2** is **DISMISSED** without prejudice against all of the defendants for the same reason.

**IT IS FURTHER ORDERED** that Defendants **ROECKEMAN, GADDIS, MILLER, HUTCHISON,** and **GARNETT (in his individual capacity only)** are **DISMISSED** without prejudice from this action.

**IT IS ALSO ORDERED** that **COUNT 1** is subject to further review against Defendants **NALLEY** and **GARNETT (in his official capacity only)**. As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **NALLEY** and **GARNETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and

this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

**Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2016**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**